UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Luis Dario Mejia Rivas, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. _____ |
| Angelica Alfonso-Royals, Director, U.S. Citizenship and Immigration Services; and Kristi Noem, Secretary, Department of Homeland Security, | § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S COMPLAINT**

Luis Dario Mejia Rivas ("Plaintiff" or "Luis") files this Complaint under the Administrative Procedure Act ("APA") against Angelica Alfonso-Royals, Director, U.S. Citizenship and Immigration Services ("USCIS"), and Kristi Noem, Secretary, Department of Homeland Security ("DHS") (collectively, the "Defendants"). Defendants are responsible for the arbitrary and capricious denial of Luis's Form I-360, Petition for Special Immigrant Juvenile Status (the "SIJS Petition").

**SUMMARY OF THE COMPLAINT**

Luis brings this action against the Defendants for violations of the APA, challenging their rejection of Luis's application for humanitarian relief in the form of SIJS, which is available by statute to abandoned, abused, or neglected immigrant children under 8 U.S.C. § 1101(a)(27)(J) and 8 U.S.C. § 1153. This Complaint alleges that the Defendants' denial is arbitrary and capricious, contrary to law, and was issued without the procedure required by law. USCIS arbitrarily and capriciously disregarded the findings of the 309th Judicial District Court in Harris County, Texas (the "Texas Court"), which establish that Luis meets each and every federal statutory requirement

1

to be granted SIJS. USCIS improperly added extra-statutory requirements to 8 U.S.C. § 1101(a)(27)(J), and made an inexplicable change, without proper procedure, to its common practice of granting SIJS to applicants like Luis. Luis now files this Complaint under 5 U.S.C. § 706, and he respectfully asks this Court to vacate the Defendants' denial of his SIJS Petition.

## PARTIES

1. Luis is a native and citizen of El Salvador. He currently resides in Harris County, Texas.

2. Defendant Angelica Alfonso-Royals is the Director of USCIS, and is the official charged with managing the agency and supervising subordinate officers. She is being sued in her official capacity. Defendant Angelica Alfonso-Royals office address is 111 Massachusetts Ave. NW, Washington, D.C.

3. Defendant Kristi Noem is the Secretary of the DHS. She is responsible for the overall administration, implementation, and enforcement of federal immigration laws pursuant to 8 U.S.C. § 1103(a). She is being sued in her official capacity. Defendant Kristi Noem's office address is 3801 Nebraska Avenue NW, Washington, D.C.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and the laws of the United States—in particular, the APA, 5 U.S.C. § 701, *et seq*. The United States has waived its sovereign immunity for claims seeking declaratory or injunctive relief pursuant to 5 U.S.C. § 702. Jurisdiction in this Court is also proper under 28 U.S.C. § 1361, as an action to compel a U.S. officer to perform his duty, and under the Declaratory Judgment Act, codified at 28 U.S.C. § 2201, *et seq*.

**VENUE**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the Plaintiff resides in this District.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

*Introduction*

6. This case challenges the Defendants' improper denial of Luis's SIJS Petition. Before filing his petition for SIJS, Luis obtained a declaratory judgment from a Texas state court granting him status as a dependent of that court due to, among other factors, escalating gang threats and extortion, culminating in the kidnapping and presumed murder of his stepfather.

7. USCIS improperly denied Luis's SIJ Petition on the basis that "[t]here is no indication that the court declared [Luis] dependent or made any determination regarding [his] custody . . . which would demonstrate that the court is providing some type of relief from parental abuse, abandonment, neglect, or a similar basis under state law."

8. USCIS's denial blatantly ignored and failed to give effect to the Texas state court's judgment expressly declaring Luis to be "**dependent on this Court**" based upon its findings that Luis was born as the product of rape; that he had been abused, neglected, and abandoned by his father; and that there was no one "willing or able to care for him in El Salvador." In expressly finding Luis to be dependent, the Texas state court provided relief from Luis's parental abandonment, abuse, and neglect, and stripped Luis's father of his decision-making rights.

9. The Texas court's judgment conclusively refutes the basis for USCIS's denial of Luis's SIJS Petition. The court's declaratory judgment is conclusive that it *did make* the dependency finding that USCIS claimed the court had not made. Recently, a federal reversed a

3

similar USCIS denial for making exactly the same error as to another Texas SIJS petitioner. *See Doe v. Mayorkas*, No. CV 20-2521 (JDB), 2022 WL 424978 (D.D.C. Feb. 11, 2022). This Court should apply its holding in *Mayorkas* to this case as well.

*Legal Requirements for SIJ Status*

10. Congress provided for SIJS classification in the Immigration Act of 1990. SIJS provides a path to lawful permanent residency for certain vulnerable children for whom it would not be in their best interest to return to their home country. Designated juvenile courts grant SIJS when they determine that a child cannot be reunified with one or both of his parents due to abuse, neglect, abandonment, or a similar state-law basis.

11. Visas are allocated to immigrant juveniles with SIJ status by statute under 8 U.S.C. § 1153(b)(4). An immigrant child must meet five statutory requirements before he may be granted SIJS:

1. The child must have been "declared dependent on a juvenile court located in the United States;"
2. Reunification of the child with one or both parents must not be viable "due to abuse, neglect, abandonment, or a similar basis found under State law;"
3. An administrative or judicial tribunal must determine that it would not be in the child's best interest to return to his home country;
4. The child must be under twenty-one years old and unmarried at the time he applies for SIJS; and
5. The Secretary of Homeland Security must consent to the grant of SIJS.

8 U.S.C § 1101(a)(27)(J).

12. Statutory language, congressional intent, and agency interpretation provide that state law is determinative in deciding whether an SIJS petitioner is "dependent" upon a state court. *See* 8 U.S.C. § 1101(a)(27)(J)(i) (requiring the immigrant to be "declared dependent on a juvenile court located in the United States . . . under State law"); 8 C.F.R. § 204.11(c)(1) ("The juvenile court must have made certain judicial determinations . . . under State law."); H.R. Rep. No. 105–405, at 130 (1997) (Conf. Rep.) ("The conferees intend that the involvement of [federal agency adjudicators] is for the purposes of determining special immigrant juvenile status **and not for making determinations of dependency status**.") (emphasis added). A federal agency is charged only with applying the statute. In doing so, it must accept state-court rulings on state law, such as Texas laws regarding dependency.

*Luis Obtains the Dependency Order*

13. On December 8, 2016, Luis's mother Isis Samai Rivas de Canas, along with her *pro bono* attorney, appeared before the Texas state court—a Texas family court—to petition for declaratory relief regarding Luis' dependency on the court, and Luis's neglect, abuse, and abandonment by his father. Pursuant to Texas Government Code § 24.601, Texas state courts function as juvenile courts defined under the Immigration and Nationality Act, § 101(a)(27)(J)(i). Such courts have jurisdiction in cases involving "child welfare, custody, support and reciprocal support, dependency, neglect, and delinquency." Tex. Gov. Code § 24.601(b)(4).

14. The Texas state court found that Luis was dependent upon the court. That same day, the court entered its Order on Petition for Declaratory Judgment (the "Dependency Order").

15. In its Dependency Order, the court found the following as to Luis, who was then seventeen years old:

> The Court . . . finds that the child is dependent on this Court. . . . The Court further finds that the child has been abused, abandoned and/or neglected by his father under

5

Texas law.  Based on evidence at the hearing on this case, the Court specifically finds:

> a. . . . The child has been abandoned and neglected by his father.  The child was born as a product of rape.  His father abandoned the child and Petitioner [Luis's mother] and neglected to provide for the emotional, physical and financial needs of the child.

16. The court further found that reunification with Luis's father was not a viable option "due to abuse, abandonment and/or neglect or a similar basis found under Texas Law," and that it was not in Luis's best interest to return to El Salvador, because there is no one there to care for him, and because at least one person close to him was kidnapped by gang members.  Instead, the court found that it was in Luis's best interest to remain with his mother—who has "provided emotional, financial, and physical support" to him—in Harris County.

*USCIS Denies Luis SIJ Status*

17. On June 5, 2017, Luis submitted a Form I-360 for SIJS.  USCIS received Luis's SIJ Petition on June 6, 2017.

18. USCIS issued a Notice of Intent to Deny Luis's Form I-360 ("NOID") on January 22, 2020.  In the NOID, USCIS noted that it intended to deny Luis's Petition because "there [was] no indication that the court declared [Luis] dependent or made any determination regarding [Luis's] custody under any enforceable provision of Texas law. . ."  Further, the NOID stated that Luis had not "demonstrated that the [Dependency Order] was sought to receive relief from parental maltreatment rather than primarily to obtain an immigration benefit."  Therefore, USCIS decided that its consent to Luis's Petition was not warranted.

19. The NOID directly contradicted the Texas court's findings in its Dependency Order that Luis "is dependent on this Court" and that he had been "abused, abandoned and/or neglected by his father under Texas law." Luis responded to the NOID on February 13, 2020.  In his response,

Luis again provided the Texas court's Order and other supplemental evidence showing that he had, in fact, been declared dependent upon a Texas state court in a declaratory judgment—which, Luis pointed out, carries the "force and effect of a final judgment or decree." Tex. Civ. Prac. & Rem. Code § 37.003(b). Despite this clear evidence, Luis received USCIS's Notice of Denial of his Petition for SIJ status. The Notice of Denial purported to deny Luis's Petition for the same baseless reasons laid out in the NOID:

> Here there is no indication that the court declared you dependent or made any determination regarding your custody under any enforceable provision of Texas law governing juvenile dependency or child custody, which would demonstrate that the court is providing some type of relief from parental abuse, abandonment, neglect, or a similar basis under state law. You therefore have not met your burden of showing that the juvenile court made a qualifying dependency or custody determination. In addition, you have not demonstrated that the order was sought to receive relief from parental maltreatment rather than primarily to obtain an immigration benefit. Therefore USCIS consent is not warranted.

20. Luis filed his Form I-290B, Notice of Appeal ("Appeal"), on June 5, 2020, and further filed a supplemental brief in support of his Appeal on July 2, 2020. The Administrative Appeals Office ("AAO") dismissed his Appeal on July 15, 2021, and Luis subsequently filed a Motion to Reconsider the AAO's dismissal based on the AAO's erroneous conclusion of law. In particular, the Motion to Reconsider briefed well-settled Texas law on the enforceability of declaratory judgments and noted that a declaratory judgment in Texas has "the force and effect of a final judgment or decree," and is subject to enforcement. Tex. Civ. Prac. & Rem. Code § 37.003(b). The Texas Supreme Court has expressly held that "[a] trial court has an affirmative duty to enforce its judgment. And the Declaratory Judgments Act expressly empowers a trial court to make supplemental rulings to aid enforcement of a declaratory judgment." *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (citations omitted). Further, Texas

courts have been held to abuse their discretion when refusing to enforce declaratory judgments. *See id.* at 180. Despite this settled law, Luis's Motion to Reconsider was denied.

21. The denial of SIJS eligibility is a final agency action subject to judicial review, because it marks the "consummation of the . . . decision making [*sic*] process" and is one "from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks omitted). Accordingly, Luis now files this Complaint on the basis that USCIS's decisions to deny his Form I-360 Petition for SIJ status, Appeal, and Motion to Reconsider were arbitrary, capricious, and contrary to both federal and Texas law.

## COUNT I

**I. Violation of the APA: USCIS based its arbitrary and capricious decision on its false statement that the Texas state court did not make a dependency finding, despite uncontroverted record evidence to the contrary.**

22. Luis repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. The Defendants are subject to the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 703. The "comprehensive" scope of the APA provides a default remedy "for all interactions between individuals and all federal agencies." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009).

*24.* The APA requires that courts "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). Further, an agency must "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)

(quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). An agency's decision is arbitrary and capricious if the agency's explanation "runs counter to the evidence before the agency." *Id.*

25. The Defendants violated the APA by arbitrarily and capriciously denying Luis's SIJS Petition, his Appeal, and his Motion to Reconsider.

26. The USCIS's blatant disregard for the Texas court's findings exceeds the bounds of authority granted to it by Congress. USCIS stated in its NOID and its Notice of Denial of Luis's SIJS Petition that the Texas court did not find that Luis was "dependent" upon the court, and that it made "no indication" that the court intended to provide relief from "parental abuse, abandonment, neglect, or a similar basis under state law." One must question if USCIS read the Texas court's Order, which—despite the Defendants' baseless claims—states explicitly that "[t]he Court . . . finds that [Luis] is dependent on this Court" and that "[Luis] has been abused, abandoned and/or neglected by his father under Texas law."

27. The Texas court issued a declaration as to Luis's dependency after finding that: (1) he was abused, neglected, or abandoned as defined by various Texas child-welfare statutes, and (2) he could not reunify with his father because of that same abandonment and neglect. The court granted its declaratory judgment on the basis of Luis's dependency.

28. The Dependency Order itself notes the court's authority to make decisions as to issues of child welfare, including dependency, referencing Section 24.601(b)(4) of the Texas Government Code. Section 24.601 has been a duly codified fixture of Texas law since the 69th Legislative Session, and it took effect in 1985. It details the jurisdiction of a family district court as primarily responsible for cases involving: "(1) adoptions; (2) birth records; (3) divorce and marriage annulment; (4) **child welfare, custody**, support and reciprocal support, **dependency,**

9

**neglect,** and delinquency; (5) parent and child; and (6) husband and wife." Tex. Gov't Code § 24.602(b) (emphasis added). The Defendants' Denial fails to properly recognize and defer to the judgment of the Texas court, and it's reasoning "runs counter to the evidence before [it]." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

29. Under the governing federal statute, Texas state law determines whether Luis is "dependent" upon a state court. *See* 8 U.S.C. § 1101(a)(27)(J)(i). Further, the judgment of the Texas court—in the form of its Dependency Order—is entitled to full faith and credit by both USCIS and any other federal adjudicator. *See* 28 U.S.C. § 1738.

30. In sum, USCIS acted arbitrarily, capriciously, and contrary to law by refusing to recognize the Texas court's express determination of Luis's dependency. USCIS owes full faith and credit to this final state-court order regarding an issue of state law.

## COUNT II

**II. Violation of the APA: USCIS imposed requirements for SIJS not required or authorized by law.**

31. Luis repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. The court in *Doe v. Mayorkas* recognized the authority of a judgment of a Texas court declaring that the petitioner in that case was dependent upon a state court. That court further held that USCIS had acted improperly in failing to give the state court's judgment full faith and credit in its unfavorable SIJS determination. *See Doe*, 2022 WL 424978. The Court remanded the matter to USCIS for further consideration:

> the Texas Court's declaration that Doe was "dependent upon this juvenile court in accordance with the laws of Texas," pursuant to the Texas Uniform Declaratory Judgments Act and several sections of the Texas Family Code governing abuse and neglect, J.A. II at 185– 86, is a declaration that Doe is "dependent on a juvenile court located in the United States" for purposes of SIJS eligibility, see 8 U.S.C.

10

§ 1101(a)(27)(J)(i). **The Texas Court's order did precisely what is required by the statute, and USCIS's decision to the contrary was not in accordance with law.**

*Id.* at *6 (emphasis added).

33. The Texas court's Dependency Order in this case, as in *Doe v. Mayorkas*, meets the requirements of 8 U.S.C. § 1101(a)(27)(J)(i), and is a "declaration that [Luis] [is] 'dependent on a juvenile court located in the United States'" for purposes of SIJS eligibility. *See Doe*, 2022 WL 424978 at *11–*12 (quoting 8 U.S.C. § 1101(a)(27)(J)(i)).

34. USCIS refused to consent to Luis's SIJS Petition because he did not demonstrate "that the [Dependency Order] was sought to receive relief from parental maltreatment rather than primarily to obtain an immigration benefit." But 8 U.S.C. § 1101(a)(27(J)(i) only requires that the immigrant child be "declared dependent on a juvenile court located in the United States"—a mandate that the Texas court met in its Dependency Order. To require more—"for example, to require that the declaratory judgment come during a custody determination"—goes beyond both the statute's requirements and exceeds the bounds of USCIS' authority. *Doe*, 2022 WL 424978 at *10.

35. The APA requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). USCIS's imposition of extra-statutory requirements for SIJS eligibility is contrary to law, and should be overturned.

**COUNT III**

**III. Violation of the APA: USCIS arbitrarily and capriciously failed to articulate the basis for a change in agency practice.**

36. Luis repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

11

37. Just before, and at the time of the filing of Luis's SIJS Petition, USCIS inexplicably instituted a practice of denying SIJS for children such as Luis, who had obtained declaratory judgments in state court. In particular, USCIS began to assert the following baseless positions in denying SIJS: (i) the state family-court order must cite the state law under which the dependency determination was made, (ii) the Texas Uniform Declaratory Judgments Act does not provide for any enforcement of a state-court order, and/or (iii) there is no indication that the state family-court order actually declared a child dependent despite plain language in the order to that effect. Based upon the abundant record of USCIS's granting consent to SIJS in cases where the underlying dependency declarations referred to SIJS, Luis would have been found eligible by USCIS for SIJS relief and protected from deportation prior to its unexplainable policy change.

38. USCIS's decision to break with years of consistent practice and to change the eligibility requirements for SIJS for children who otherwise meet the statutory requirements violates the APA's prohibition against "arbitrary and capricious" agency action. 5 U.S.C. § 706. USCIS's policy change is contrary to federal law, fails to defer to the state court's interpretation of its own laws, exceeds the authority delegated to the agency, and imposes requirements not contemplated by Congress.

39. Moreover, the decision to impose additional, extra-statutory requirements is also arbitrary and capricious. USCIS previously accepted SIJS petitions similar to Luis's Petition, and the agency has not provided a reasoned analysis for the change in policy.

## COUNT IV

**IV. Violation of the APA: USCIS failed to engage in required notice-and-comment rulemaking.**

40. Luis repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     Both the APA and 5 U.S.C. §§ 553, 706(2)(D), require that federal agencies conduct rulemaking before engaging in certain activities that, as a practical matter, have the force and effect of law.  USCIS is an "agency" under the APA, and its actions effectively implementing new legal requirements for SIJ status-seekers constitute rulemaking under the APA.  *See* 5 U.S.C. § 551(1), (4).

42.     In implementing these new requirements, USCIS changed the criteria necessary for obtaining SIJS relief.  USCIS did not follow the procedures required by the APA before instituting this change.

43.     Because the USCIS's policy change does not fall under a statutory exception to the rule, it was required to undertake a notice-and-comment rulemaking procedure before engaging in this kind of agency action.  *See* 5. U.S.C. § 553.

44.     Because USCIS violated the APA by implementing these new rules without authority and without the required notice-and-comment rulemaking, this policy must be set aside.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.  Declare that USCIS's denial of the Luis's SIJS Petition, and its imposition of new, extra-statutory requirements for SIJ relief, were arbitrary and capricious violations of the Administrative Procedure Act;

2.  Declare that Luis meets the statutory requirements to be conferred SIJS;

3.  Set aside the improper denial of Luis's SIJS Petition and remand his case to USCIS with instructions to grant his Petition, giving full effect to the Texas court's Dependency Order;

4.  Order that USCIS grant Luis reasonable attorneys' fees, costs, and other disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or any other applicable law; and

5. Grant any other and further relief that this Court may deem just and proper.

Dated: July 15, 2025                                          Respectfully submitted,

/s/ *Alyx E. Eva*
Chelsea R. Teague
State Bar No. 24088339
(admission application to be submitted)
Alyx E. Eva
State Bar No. 24116334
Federal ID No. 3544812
845 Texas Avenue, Suite 4700
Houston, Texas 77002-2947
Tel.: +1.713.758.2565
Fax: +1.713.615.5224
cteague@velaw.com
aeva@velaw.com

*Attorneys for Plaintiff*